Filed 12/30/14  In re M.M. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re M.M., a Person Coming Under the Juvenile Court Law. | |
| LAKE COUNTY DEPARTMENT OF SOCIAL SERVICES, | |
| Plaintiff and Respondent, | A141743 |
| v. | |
| A.M., | (Lake County Super. Ct. No. JV320373B) |
| Defendant and Appellant. | |

In a child dependency proceeding, A.M. (mother) appeals the order issued at the 12-month review hearing continuing her daughter in out-of-home care and extending reunification services to the 18-month review hearing. (Welf. & Inst. Code, § 366.21, subd. (f).) Mother seeks return of the child to her custody, claiming the evidence fails to support the court's finding that return of the child would present a substantial risk of detriment to the child's well-being. While this appeal was pending, the juvenile court proceeded with the 18-month review hearing at which the court found a substantial risk of detriment were the child returned to mother. The court terminated reunification services and scheduled a permanent plan hearing. (Welf. & Inst. Code, § 366.26.) The Lake County Department of Social Services (department) contends the appeal is moot. We agree and shall dismiss the appeal.

1

"It is well settled that an appellate court will decide only actual controversies. Consistent therewith, it has been said that an action which originally was based upon a justiciable controversy cannot be maintained on appeal if the questions raised therein have become moot by subsequent acts or events. As succinctly stated in *Consol. etc. Corp. v. United A. etc. Workers* (1946) 27 Cal.2d 859, 863, the appellate court cannot render opinions ' ". . . upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of [appellant], an event occurs which renders it impossible for this court, if it should decide the case in favor of [appellant], to grant him [or her] any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal." ' [Citations]" (*Finnie v. Town of Tiburon* (1988) 199 Cal.App.3d 1, 10.)

No effectual relief is possible here. Mother seeks return of the child to her custody upon contentions that the evidence presented at the 12-month review hearing failed to show that mother's custody presented a risk of substantial detriment to the child's well-being. Even were mother to prevail on this claim, we could not order the child's return given a subsequent finding of detriment based on current circumstances.

Mother argues that effective relief is possible because "the juvenile court continues to maintain jurisdiction over the underlying matter." It is not, however, a question of continuing jurisdiction but of effective relief given a subsequent finding of detriment that precludes mother's resumption of custody. Mother also asserts that a court generally will not dismiss an appeal as moot where it presents an issue of continuing public interest. But mother makes no effort to identify an issue of public interest presented in this case and none appears given the purely factual nature of the issues raised on appeal.

We shall dismiss the appeal as moot.

_____
Pollak, J.

We concur:


_____
McGuiness, P. J.


_____
Siggins, J.